ALD-251                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2031
_____

CALVIN THOMPSON,
                                        Appellant

v.

UNION COUNTY DIVISION OF SOCIAL SERVICES, ET AL.;
CHARLES J. GILLON, DIRECTOR OF UNION COUNTY DSS; SUSAN EAGLE,
SUPERVISOR EMPLOYED AT UNION COUNTY DSS; MICHELE AKBAR,
SOCIAL WORKER EMPLOYED AT UNION COUNTY DSS;
S. HODGES-JOHNSON, CASE WORKER EMPLOYED AT UNION COUNTY DSS;
AND OTHER JOHN DOES, EMPLOYED AT UNION COUNTY DSS;
STEPHANIE HODGES-JOHNSON; KENYATTA JACKSON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-04928)
District Judge:  Honorable Katharine S. Hayden
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 22, 2010
Before: SLOVITER, AMBRO and SMITH , Circuit Judges

(Opinion filed: August 5, 2010)
_____

OPINION
_____

PER CURIAM

Appellant Calvin Thompson, proceeding pro se, filed a complaint in the United States District Court for the District of New Jersey, alleging that various caseworkers and supervisors employed by the Union County Division of Social Services discriminated against him and violated his constitutional rights. His complaint was based on events occurring between August 2006 and October 2007, during which time he alleged he was mistreated, wrongfully denied benefits, and provided with misinformation, among other things. He claimed he was subjected to intentional infliction of emotional distress, libel, slander, physical and mental anguish, pain and suffering, undue hardship and harassment, and requested $5 million in punitive and compensatory damages. Appellees moved to dismiss the complaint and, based on Thompson's pro se status, the District Court afforded him an opportunity to amend. In his amended complaint, Thompson set forth additional facts indicating that Appellees forcibly entered his room at the YMCA and removed his possessions. He increased his request for damages to $ 10 million.

Appellees again moved to dismiss, and the District Court granted their motion, dismissing Thompson's amended complaint for failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). The Court concluded, upon review of Thompson's amended complaint, that it failed to demonstrate any evidence of racial animus or other constitutionally infirm motivation for Appellees' actions. The Court therefore held that Thompson failed to state a cognizable claim of a deprivation of any of his federal constitutional rights. Thompson timely filed a motion for reconsideration, a motion for a stay, and a motion to dismiss Appellees' Rule 12(b)(6) motion for lack of jurisdiction. On

March 11, 2010, the District Court denied all requested relief, and Thompson timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We may take summary action when an appeal presents no substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6. As the District Court explained, 42 U.S.C. § 1983 provides a remedy for individuals whose federal constitutional rights have been violated by State actions. See Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008). In order to succeed on such a claim, a plaintiff must set forth facts which demonstrate the deprivation of a federal constitutional right. See Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). In this case, Thompson clearly alleges that he has been involved in protracted proceedings with the Union County Department of Social Services and that he feels he has been discriminated against. However, at no time has he set forth any facts from which a court could discern any evidence of unconstitutional discrimination. To the extent Thompson seeks a remedy for the denial of state benefits or his eviction from state-provided housing, it is possible he may find one in state court or state administrative proceedings. The District Court correctly concluded, however, that none is available to him in federal court based on the facts presented in his amended complaint.

Accordingly, we conclude that this appeal presents no substantial question and will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4 & I.O.P. 10.6.